# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CUTLER COMPANY,<br><br>                                Plaintiff,<br>  vs.<br><br>WILLIAMS AG COMMODITIES BROKERAGE, INC.,<br><br>                                Defendant. | CASE NO. 07CV151-LAB (LSP)<br><br>**ORDER ON *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER** |

On January 24, 2007, Plaintiff filed its complaint seeking protection of proceeds from sales of perishable agricultural commodities, under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e. On January 26, 2007, Plaintiff filed an *ex parte* motion for a temporary restraining order without notice to Defendant, supported by an attorney's certification and declaration. By an accompanying motion, Plaintiff also sought a preliminary injunction.

Under Fed. R. Civ. P. 65(b),

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The declaration explains that Plaintiff sold perishable agricultural commodities worth $60,416.25, which Defendant accepted but for which Defendant has failed and refused to pay. The declaration goes on to state that 21 days before, Clinton Williams, Defendant's principal, explained Defendant was having "severe cash flow problems and that he would try to pay something on the bill within the next day or so." It furthermore states that repeated calls to Defendant have been unanswered and unreturned.

PACA imposes a statutory trust on proceeds from agricultural commodities, provided certain conditions are met. Plaintiff alleges it has met those conditions and therefore the $60,416.25 it is owed is protected by a trust imposed under PACA.

Accepting the declaration as true, it appears Defendant may be unwilling or unable to pay Plaintiff the money owed, and Plaintiff may be in danger of suffering irreparable harm if the trust assets are dissipated. Neither the declaration nor the complaint, however, discloses any attempt on Defendant's part to defraud Plaintiff by transferring assets out of Plaintiff's reach. Plaintiff has not established why it is necessary to grant the temporary restraining order without notice. The Court therefore concludes it does not "clearly appear[ ] from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." The Court therefore declines to grant the requested temporary restraining order without notice to Defendant.

The Court will hold a hearing on Plaintiff's motion for temporary restraining order on **Thursday, February 1, 2007 at 12:30 p.m.** in Courtroom 9 at 940 Front Street, San Diego, CA. Plaintiff is **ORDERED** to serve on Defendant its motion for temporary restraining order with hearing date, time, and location noted in the caption, and to serve all supporting documents. Plaintiff must complete service on Defendant before the close of business on **Tuesday, January 30, 2007**, and must promptly file proof of service with the Court. Plaintiff is also **ORDERED** to forward to Defendant a copy of this order. If appropriate, the Court will set a hearing on Plaintiff's motion for preliminary injunction at this hearing. Should Plaintiff

/ / /

fail to serve Defendant and file as ordered, its motion for a temporary restraining order will be denied.

At the hearing, the parties should be prepared to address the requirements for preservation of a trust under 7 U.S.C. § 499e(c)(3), as well as the requirements and standards for issuance of a temporary restraining order under Fed. R. Civ. P. 65(b) and (c), including: (1) the probability that Plaintiff will succeed on the merits; (2) the threat of irreparable harm to Plaintiff should a preliminary injunction be denied; (3) the balance between this harm and the harm that granting the injunction will cause to Defendant; and (4) the public interest. *See Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1348 (Fed.Cir. 2003).

**IT IS SO ORDERED**.

DATED: January 29, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:     Magistrate Judge Leo S. Papas
        All counsel of record
        Petitioner/Plaintiff, *Pro Se*